COURT OF APPEALS
DECISION
DATED AND FILED

January 9, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.  2023AP207-CR
2023AP841-CR
STATE OF WISCONSIN**

Cir. Ct. No. 2015CF400

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

JACKI L. RICKERMAN,

   DEFENDANT-APPELLANT.

APPEALS from orders of the circuit court for Jefferson County: BENNETT J. BRANTMEIER, Judge. *Affirmed*.

Before Kloppenburg, P.J., Blanchard, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Jacki Rickerman appeals the circuit court's order denying her postconviction motion for sentence modification.  She also appeals the court's order denying her motion for reconsideration.  She argues that a new factor warrants modification of her sentence.  We conclude that Rickerman has not shown the existence of a new factor.  Accordingly, we affirm the circuit court's orders.

## Background

¶2     In 2015, Rickerman was charged with first-degree reckless homicide for the drug-related death of Jacqueline Neubauer in Jefferson County.  The State alleged that Rickerman sold heroin to Kelly Braun, who provided the heroin to Neubauer that was a causal factor in Neubauer's death.  The case proceeded to a jury trial, and the jury found Rickerman guilty of the charged crime.

¶3     The circuit court sentenced Rickerman to an imprisonment term consisting of twelve years of initial confinement and eight years of extended supervision.  In imposing this sentence, the court considered multiple factors while placing particular emphasis on the importance of protecting the public by deterring the sale and distribution of heroin in Jefferson County.

¶4     Rickerman appealed and argued that the circuit court erred at trial by limiting her cross-examination of a State's witness and by admitting other-acts evidence.  *See* **State v. Rickerman**, No. 2017AP1542-CR, unpublished slip op. ¶1 (WI App Oct. 25, 2018).  We rejected those arguments and affirmed Rickerman's conviction.  **Id.**

¶5     Subsequently, Rickerman filed the motion for sentence modification that is the subject of the current appeal.  She argued that modification is warranted based on a new factor.  The alleged new factor is information from a police interview

of Bruce Hady, who Rickerman asserts was her "live-in, heroin-dealing boyfriend" at the time that she sold the heroin that was then provided to Neubauer. We discuss the nature of this information in more detail below.

¶6      The circuit court denied Rickerman's motion. The court concluded that Rickerman had not shown the existence of a new factor, and that she had also not shown that the alleged new factor justified sentence modification. Rickerman moved for reconsideration. The court denied the motion and reaffirmed its conclusion that Rickerman had not shown the existence of a new factor by clear and convincing evidence.

## *Discussion*

¶7      The State contends that some of Rickerman's arguments in the current appeal raise sentencing-related claims that are not new factor claims and are procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), because these claims were not but could have been raised in Rickerman's prior appeal. In her reply brief, Rickerman clarifies that the only claim she is now raising is her new factor claim. Accordingly, we do not discuss any other potential claims.

¶8      Whether to modify a sentence based on a new factor is a two-step inquiry. *State v. Harbor*, 2011 WI 28, ¶36, 333 Wis. 2d 53, 797 N.W.2d 828. First, the defendant has the burden to demonstrate by clear and convincing evidence that a new factor exists. *Id.* Whether a new factor exists is a question of law that we review de novo. *Id.* Second, if a new factor exists, the circuit court has the discretion to decide whether the new factor justifies modification of the defendant's sentence. *Id.*, ¶37. In this case, we do not address the second step of this inquiry

because, for reasons we now explain, we agree with the circuit court that Rickerman has not shown the existence of a new factor by clear and convincing evidence.

¶9     The definition of a new factor is set forth in case law. It is a fact or set of facts "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." *Id.*, ¶40 (quoted source omitted).

¶10     On appeal, Rickerman renews her argument that the information from Hady's police interview is a new factor. According to Rickerman, the interview revealed the following:  that Hady regularly dealt heroin in Watertown; that Hady introduced Rickerman to heroin and kept her hooked on it; that Hady regularly obtained heroin from a supplier who went by the name of "Juice"; that Rickerman had no relationship with Juice; and that Braun contacted Rickerman to obtain heroin for Neubauer only because Braun knew that Hady was a dealer.

¶11     Rickerman argues that this information from Hady's police interview was unknowingly overlooked at the time of her sentencing. She argues that the information is highly relevant to the imposition of her sentence because the circuit court sentenced her as if she were a major source of heroin in the local area. Rickerman argues that the information disclosed by Hady in the police interview shows otherwise and that her only relevant role was as the girlfriend of someone who was a major source of heroin. She asserts that "the [circuit] court treated [her] as a soldier on the wrong side of the drug war rather than as a drug-dealer's girlfriend."

¶12     The State argues that the information from Hady's interview was not new or overlooked at the time of Rickerman's sentencing. It asserts that the

4

interview occurred in October 2014, which was well before Rickerman's sentencing in July 2016. The State also argues that the information from Hady's interview is not highly relevant to the imposition of Rickerman's sentence.

¶13 We conclude that, regardless of whether the information from Hady's interview could be considered new or unknowingly overlooked, Rickerman has not shown that the information is highly relevant to the imposition of her sentence. Accordingly, Rickerman has not shown that the information from Hady's interview is a new factor.

¶14 The circuit court's remarks at sentencing do not reflect that the court based Rickerman's sentence on any finding or belief that Rickerman regularly dealt heroin or was a major source of heroin. On the contrary, the court expressly stated that it was not giving significant weight to allegations that Rickerman was involved in drug deliveries on other, separate occasions. The court focused instead on other appropriate sentencing factors.

¶15 Above all, the circuit court focused on the protection of the public through deterrence, at one point stating that this was "the primary factor" in Rickerman's sentence. The court reasoned that a substantial prison sentence would protect the public, first by preventing Rickerman from dealing heroin again, and second by deterring others from dealing heroin.

¶16 The circuit court repeatedly returned to the topic of the protection of the public and deterrence at Rickerman's sentencing, without stating or implying that Rickerman was regularly dealing heroin or was a major source of heroin. The court said, "I do need to impose a sentence I believe provides protection to the public from heroin dealers, primarily because of the high cost that heroin dealing and use imposes on society," and the court also went on to say that it was hoping that

5

Rickerman's sentence would have a deterrent effect on others who "themselves are considering selling heroin or they know people who are considering selling."

¶17     Rickerman seemingly argues that the circuit court's focus on the protection of the public and deterrence reflects the court's belief that she regularly dealt heroin or was a major source of heroin.  We disagree.

¶18     Although the circuit court focused heavily on the protection of the public and deterrence and imposed a substantial sentence, this does not mean that the court found or believed that Rickerman was a "dealer" in the sense of someone dealing heroin on a regular basis.  The court's references to "dealers" included not only individuals who deal heroin regularly but also individuals who might sell heroin only one time or might be considering selling it.

¶19     Moreover, given the circuit court's express sentencing rationales, it could reasonably rely on the fact that Rickerman was sufficiently connected to a heroin supply chain for her to obtain heroin to sell to Braun, and nothing about the information from Hady's police interview changes that fact.  Rickerman appears to contend that this information shows that she was a drug-addicted victim in Hady's control rather than a high-level drug dealer.  However, an equally reasonable view of the information is that it shows that Rickerman was more involved in the heroin trade than the court had assumed at the time of her sentencing.  In any case, as noted above, the court expressly stated that it was not giving significant weight to allegations that Rickerman had been involved in drug deliveries on other, separate occasions.

¶20     Rickerman repeatedly points to a discussion at sentencing in which the circuit court agreed with the State that, as a general matter, individuals higher on the "ladder" in drug dealing networks are more culpable than individuals lower

on the ladder. She appears to argue that this discussion shows that the court deemed her as culpable as Hady or Hady's alleged supplier Juice, and that the court sentenced her accordingly, but that the allegedly new information from Hady's interview showed that she was not as culpable as Hady or Juice. We are not persuaded.

¶21     The circuit court's discussion of relative culpability occurred in the context of addressing whether Rickerman was more culpable or less culpable than Braun, considering that Rickerman had sold the heroin to Braun, who then provided it to Neubauer. The court's discussion was not about whether Rickerman was more or less culpable than Hady or Juice. Accordingly, the information from Hady's interview is not highly relevant to the court's discussion about Rickerman's culpability relative to Braun, and therefore, not highly relevant to the imposition of Rickerman's sentence.

### *Conclusion*

¶22     In sum, for all of the reasons stated, we determine that Rickerman has not shown that the information from Hady's police interview is highly relevant to the imposition of her sentence. Accordingly, we conclude that Rickerman has not shown the existence of a new factor and that the circuit court properly declined to modify her sentence.

*By the Court.—*Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).